**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| KEUN CHUNG LEE | * |
| | *   COMPLAINT |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   JURY TRIAL DEMANDED |
| KIND & DASHOFF PARTNERSHIP | * |
| | * |
| Defendant | * |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, and Defendant's principal place of business is located here.

**PARTIES**

4. Plaintiff Keun Chung Lee is a natural person who resides in the Ellicott City, Howard County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a)..

5. Defendant Kind & Dashoff Partnership ("K&D") is a law firm that specializes in debt collection with its principal place of business located at One Church Lane, Baltimore, MD 21208-3709. Defendant K&D is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting a consumer debt owned by another person.

**FACTUAL ALLEGATIONS**

6. In 2009, Plaintiff's house was foreclosed by the secured lender, First Horizon Bank ("FHB").

7. On or about January 8, 2010, FHB sought a deficiency judgment against Plaintiff in the amount of $102,618.27 in the Circuit Court for Howard County. (Case No. 13C10080765)

8. On or about April 23, 2010, the Court entered judgment in favor of FHB.

9. On or about June 1, 2011, Defendant K&D sought a writ of execution from the Circuit Court for the City of Baltimore for property located at 311 N. Calvert Street.

10. 311 N. Calvert Street is the location of Hometown Deli, an establishment owned by the corporation of Kevin Chung, Inc.

11. Kevin Chung, Inc's only shareholders are Kevin Keun Lee and Michelle Kyong Lee; Plaintiff's brother and Plaintiff's sister in law respectively.

12. On or about June 9, 2011, this Court granted Defendant's request for a writ of execution.

13. On or about July 8, 2011, the Sheriff levied on this property in the presence of Michelle Kyong Lee by affixing adhesive labels to those items.

14. Utterly perplexed and upset by this sequence of events, Mrs. Lee asked the sheriff what was going on and the latter explained that he was levying for a judgment against Plaintiff.

15. Afterwards, Mrs. Lee called Plaintiff to find out what was going on and explained what happened earlier that day.

15. Plaintiff called Defendant and asked why they had sent the sheriff to his brother's business.

16. Defendant told Plaintiff that they had levied on his property because of the unpaid judgment.

17. Plaintiff told Defendant that the property belonged to his brother's business and that it wasn't his.

18. Defendant stated that Plaintiff was listed as a director on the articles of incorporation and that this was sufficient to establish ownership.

19. Plaintiff replied that although he was listed on the article of incorporation, he had never been a shareholder in the corporation and therefore had no ownership interest in either the corporation or its assets.

20. Defendant stated that it didn't matter and that the levy was proper.

21. All of the above-described collection communications made to Plaintiff and other third parties by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, 1692e(10), 1692f, 1692f(1)), 1692f(6), amongst others.

## LEGAL APPLICATION

22. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant K&D, were made in

Complaint - 2

violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

23. The above-detailed pattern of conduct by this Defendant of improperly levying on an innocent third party in efforts to collect on Plaintiff's debt constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

24. Due to this improper levy by Defendant K&D, Plaintiff has suffered actual damages in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

25. Defendant's disclosure of Plaintiff's indebtedness to third parties was an invasion of his privacy and his right to financial privacy

26. Defendant's illegal abusive collection practices as more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiff and caused him unnecessary personal strain in his relationship with his brother and sister-in-law.

## COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

## COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

30. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

31. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices** contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

*15 U.S.C. § 1692(a) (emphasis added).*

32. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress **that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

*15 U.S.C. § 6801(a) (emphasis added).*

33. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

34. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

35. Defendants and their agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiff's rights to privacy.

36. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

37. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

38.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages, punitive damages and attorneys fees in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

b) For an award of punitive damages; and

c) For an award of reasonable attorney's fees and costs; and

d) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

39.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted this 25th day of October, 2011;

KEUN CHUNG LEE

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com